| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| MARIE FLORES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STEVEN MNUCHIN,<br><br>　　　　　Defendant. | Case No. 1:17-cv-00834-AWI-EPG<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY SHE SHOULD NOT BE SANCTIONED FOR FAILURE TO APPEAR<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO EFFECTUATE SERVICE OF PROCESS<br><br>14-DAY DEADLINE |

Marie Flores ("Plaintiff") is proceeding *pro se* in this civil rights action for race discrimination and retaliation.

**A. Failure to Appear at Mandatory Conference**

On August 14, 2017, the Court set an Initial Scheduling Conference for November 14, 2017 at 9:30 a.m. (ECF No. 4.) The August 14 Order stated that "[a]ttendance at the Scheduling Conference is mandatory for all parties. ... If a party is not represented by counsel, they must appear personally at the Scheduling Conference." (*Id*. at 2.) The Order also specifically provided as follows:

> Should counsel or a party appearing *pro se* fail to appear at the Mandatory Scheduling Conference, or fail to comply with the directions as set forth above, an *ex parte* hearing may be held and contempt sanctions, including monetary sanctions, dismissal, default, or other appropriate judgment, may be imposed and/or ordered.

(*Id*. at 7.)

The mandatory conference was held on November 14, 2017, but Plaintiff did not appear.

\\\

\\\

Accordingly, Plaintiff IS ORDERED to show cause why she should not be sanctioned up to and including dismissal for failing to appear at the Initial Scheduling Conference. Plaintiff shall file a written show cause response within 14 days of this Order.

**B. Failure to Effectuate Service of Process**

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> (m) <u>Time Limit for Service</u>. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1).

Fed. R. Civ. P. 4(m).

The Complaint initiating this case was filed on June 22, 2017. Summons was issued on August 14, 2017. However, there is no indication that the defendant has been served in this case. Nor has Plaintiff requested more time to effectuate service or attempted to show good cause for the failure.

Accordingly, Plaintiff IS ORDERED to show cause why this case should not be dismissed for failure to effectuate service in accordance with the 90-day time limit in Rule 4(m). Plaintiff shall file a written show cause response within 14 days of this Order.

**C. Federal Rule of Civil Procedure 4(i)**

Counsel for the prospective defendant appeared at the November 14, 2017 conference. Counsel indicated that he believed that Plaintiff had attempted service, but the service attempt did not comply with Rule 4(i).

For Plaintiff's reference, Federal Rule of Civil Procedure 4(i) provides:

> (i) <u>Serving the United States and Its Agencies, Corporations, Officers, or Employees</u>.
> (1) United States. To serve the United States, a party must:
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

                  (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

       (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

       (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

(2) Agency; Corporation; Officer or Employee Sued in an Official Capacity. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

(3) Officer or Employee Sued Individually. To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

(4) Extending Time. The court must allow a party a reasonable time to cure its failure to:

       (A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or

       (B) serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.

Fed. R. Civ. P. 4(i).

IT IS SO ORDERED.

Dated: **November 15, 2017**             /s/ *Ericia P. Grosjean*

                                                          UNITED STATES MAGISTRATE JUDGE