| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| MARIE FLORES,<br><br>           Plaintiff,<br><br>   vs.<br><br>STEVEN MNUCHIN,<br><br>           Defendant. | 1:17-cv-00834-AWI-EPG<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>ORDER SETTING SCHEDULING CONFERENCE<br><br>(ECF No. 6) |

### A. Order to Show Cause

Marie Flores ("Plaintiff") is proceeding *pro se* in this civil rights action for race discrimination and retaliation.

On November 15, 2017, the Court ordered Plaintiff to show cause why she should not be sanctioned up to and including dismissal for failing to appear at the November 14, 2017 Initial Scheduling Conference. (ECF No. 6.) In the same order, Plaintiff was ordered to show cause why this case should not be dismissed for failure to effectuate service in accordance with the 90-day time limit in Rule 4(m). (*Id.*)

### B. November 15, 2017 Order to Show Cause

On November 30, 2017, Plaintiff responded to the show cause order and indicated that she was attempting so secure the services of an attorney to assist with her case. (ECF No. 7.) Plaintiff has requested the Court's assistance in finding an attorney and requested additional time to cure the issues identified by the order to show cause. (*Id.*)

### C. Order

The Court notes that a substantial record of noncompliance with Court directives has already developed in this case. Plaintiff should be aware that her *pro se* status does not excuse any failures to comply with the rules or directives of this Court. Plaintiff should be aware that any further compliance failures will likely result in dismissal of this case.

1

With respect to the request for assistance in finding an attorney, the Court sits as a neutral arbitrator of the case and cannot provide legal assistance to the parties.[1] However, the Court does find good cause to extend the deadlines in this case in order to afford more time for Plaintiff to secure the services of an attorney.

Accordingly, the Court ORDERS as follows:

1. The November 15, 2017 Order to Show Cause is hereby discharged;
2. The deadline for Plaintiff to effectuate service of process upon the Defendant shall be extended to March 1, 2018; and
3. The Initial Scheduling Conference will be held on March 14, 2018 at 9:00 a.m. in Courtroom 10 (EPG) before Magistrate Judge Erica P. Grosjean.

IT IS SO ORDERED.

Dated: **December 6, 2017**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent that the request can be construed a motion for appointment of counsel, the request is denied. In exceptional circumstances, the Court may appoint counsel under the *in forma pauperis* statute. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (providing that the court may appoint counsel under 28 U.S.C. 1915 where "exceptional circumstances" are found to exist, after an evaluation of "both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" [citations]). The *in forma pauperis* statute provides that the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Here, Plaintiff is not proceeding *in forma pauperis*. Thus, the Court has no indication that Plaintiff is unable to afford counsel, not to mention that there are such exceptional circumstances here.