UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MARIE FLORES,<br><br>        Plaintiff,<br><br>   vs.<br><br>STEVEN MNUCHIN,<br><br>        Defendant. | Case No. 1:17-cv-00834-AWI-EPG<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS CASE BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EFFECTUATE SERVICE OF PROCESS<br><br>OBJECTIONS, IF ANY, DUE IN 30 DAYS |
|---|---|

Marie Flores ("Plaintiff") is proceeding *pro se* in this civil rights action for race discrimination and retaliation. Plaintiff is a former employee of the Internal Revenue Service. Plaintiff has named Steven Mnuchin, Secretary of the Department of Treasury, as the sole defendant in this case.

**I.    BACKGROUND**

On November 15, 2017, the Court ordered Plaintiff to show cause why she should not be sanctioned up to and including dismissal for failing to appear at the November 14, 2017 Initial Scheduling Conference. (ECF No. 6.) In the same order, Plaintiff was ordered to show cause why this case should not be dismissed for failure to effectuate service in accordance with the 90-day time limit in Rule 4(m). (*Id.*) The Order further provided the full text of Federal Rules of Civil Procedure 4(m) and Rule 4(i), the rule applicable to serving a United States defendant. (*Id.* at 2-3.)

1

On November 30, 2017, Plaintiff responded to the show cause order and indicated that she was attempting so secure the services of an attorney to assist with her case. (ECF No. 7.) Plaintiff requested additional time to cure the issues identified by the Order to show cause. (*Id.*)

On December 7, 2017, the Court discharged the Order to show cause, extended the deadline for Plaintiff to effectuate service of process upon the defendant to March 1, 2018, and continued the Initial Scheduling Conference to March 14, 2018. (ECF No. 8.) In the same Order, the Court noted that a "substantial record of noncompliance with Court directives has already developed in this case" and that Plaintiff's "*pro se* status does not excuse any failures to comply with the rules or directives of this Court." (*Id.* at 1.) The Court further warned Plaintiff that "any further compliance failures will likely result in dismissal of this case." (*Id.*)

The Court held the rescheduled Initial Scheduling Conference on March 14, 2018. (ECF No. 9.) Plaintiff appeared *pro se* for the hearing and informed the Court that she still had not served the defendant in this case and had not made progress toward serving the defendant since the Court's December 7, 2017 Order.

**II. DISCUSSION**

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> (m) <u>Time Limit for Service</u>. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1).

Fed. R. Civ. P. 4(m).

The Complaint initiating this case was filed on June 22, 2017. Summons was issued on August 14, 2017. As of the date of these findings and recommendations, the defendant still has not been served in this case. The Court's November 15, 2017 Order provided guidance to Plaintiff in the form of the full text of the applicable rule for serving a United States defendant. (ECF No. 6, citing Fed. R. Civ. P. 4(i)). An extension of time to serve the defendant was granted in the December 7, 2017 Order. (ECF No. 8, granting extension to March 1, 2018).

Plaintiff was warned that any additional failures to comply "will likely result in dismissal of this case." (*Id.*)

Despite these circumstances, Plaintiff informed the Court on March 14, 2018 that she still had not served the defendant in this case and had not made progress toward serving the defendant since the Court's December 7, 2017 Order. The Court does not find good cause to further extend the deadline for service.

**III.     RECOMMENDATION**

Based on the forgoing, the Court RECOMMENDS that this case be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.[1]

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)** days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014), *citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 15, 2018**                          /s/ Erica P. Grosjean
                                                                             UNITED STATES MAGISTRATE JUDGE

---

[1] If Plaintiff is able to demonstrate that she has effectuated service of process upon the defendant within the next 30 days, the Court will vacate these findings and recommendations.